Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7402 | **DATE** | 7/2/2001 |
| **CASE TITLE** | East-West Trading Corp. Vs. N.T.I. Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. We deny, for now, the petition for fees. We suggest that the time has come for the parties to resolve their differences without the continuing expenditure of money and attorneys' time. Settlement conference set for July 19, 2001 at 3:00pm. to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JUL 3 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail A 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 01 JUL -2 PM 12: 23 | date mailed notice |
| WAH | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EAST-WEST TRADING CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 00 C 7402 |
| N.T.I. GROUP, INC., | ) ) ) | |
| Defendant. | ) | |

DOCKETED JUL 3 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff sued defendant for patent infringement. Defendant moved to dismiss, claiming that this court lacked personal jurisdiction. It relied, however, on the wrong statutes and did not file an affidavit. We pointed out the defects, and defendant tried again -- filing a memorandum, without affidavit, taking the same position it had taken before. Finally, with its reply brief, defendant filed an affidavit that gave substance to its motion to dismiss. Plaintiff moved to strike, contending that the affidavit came too late. It also asked for attorneys' fees.

We deny, for now, the petition for fees. If the motion to strike fails (which is likely) and in fact the action should have been filed in California, not here, then the onus of wasted efforts will in all likelihood fall on plaintiff. If that were so, then we would not be disposed to awarding fees for responding to an amended motion to dismiss that never should have been filed in the form it was.

At the same time, we note that we would transfer the case to California should defendant prevail on its jurisdictional position and that defendant apparently is prepared to

concede that it sold an inexpensive product that was a "knockoff" of the patented device. If that is so, then defendant could be vulnerable for attorneys' fees pursuant to 35 U.S.C. §285. *See* L. A. Gear, Inc. v. Thom McAn Shoe Co., 988 F.2d 1117, 1128 (Fed.Cir. 1993), *cert. denied*, 510 U.S. 908. In those circumstances we suggest that the time has come for the parties to resolve their differences without the continuing expenditure of money and attorneys' time.

                                                                   JAMES B. MORAN
                                                         Senior Judge, U. S. District Court

July 2, 2001.